**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4944**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTWAIN LAMONT PAULINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad, Jr.,
Chief District Judge.  (3:05-cr-00219)

Submitted:  April 27, 2007               Decided:  May 8, 2007

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North
Carolina, for Appellant. Gretchen C. F. Shappert, United States
Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwain Lamont Paulings appeals from his 115-month sentence imposed after his guilty plea to possession of a firearm by a convicted felon. Paulings acknowledges that the Sentencing Guidelines range of 95-115 months was properly calculated, but asserts that his sentence was unreasonable because the district court gave excessive weight to the Sentencing Guidelines range. Paulings further argues that this court's presumptively reasonable standard for sentences imposed within a properly calculated Guidelines range conflicts with United States v. Booker, 543 U.S. 220 (2005). See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) ("sentence within the proper advisory Guidelines range is presumptively reasonable."). We have carefully reviewed the record and Paulings' contentions and find that the sentence imposed by the district court was reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting that sentencing courts should determine the sentence range under the Guidelines, consider other statutory factors, and impose a reasonable sentence within the statutory maximum). Further, it is unnecessary to rely on presumptive reasonableness because the district court sufficiently articulated its reasons for imposing the sentence. See id. Accordingly, we affirm Paulings' sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
